Reverse and Remand; Opinion Filed November 19, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01520-CV

## CONTINUUM HEALTH SERVICES, LLC, DR. DAN BARTEL, PATRICK LEE, AND MARK BYARS, Appellants

V.

## SHEILA CROSS, Appellee

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-11-04055-K

# MEMORANDUM OPINION

Before Justices Morris, Moseley, and Myers
Opinion By Justice Moseley

Appellants Continuum Health Services, LLC, Dr. Dan Bartel, Patrick Lee, and Mark Byars

filed this interlocutory appeal from the trial court's denial of their motion to compel arbitration in

their dispute with appellee Sheila Cross.[1] In a single issue on appeal, appellants assert the trial court

abused its discretion by denying their motion to stay discovery and compel arbitration.[2] The

background and facts of the case are well-known to the parties; thus, we do not recite them here in

---

[1] Appellants also appealed the trial court's order granting appellee's motion to compel appellants to respond to her request for disclosure. In their appellate brief, appellants stated they "no longer wish to appeal the trial court's" order compelling a response to appellee's request for disclosure. Therefore, we do not consider this issue.

[2] In its order, the trial court stated: "After considering Defendants' Motion to Compel Arbitration, the evidence, and arguments of counsel, the court hereby DENIES Defendants' Motion." The trial court did not enter any findings of fact or conclusions of law.

detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the trial court's order.

The facts relevant to this appeal are not in dispute. Cross worked as an independent consultant to Continuum Health Services, LLC (CHS). In September 2009, Cross and the appellants entered into an agreement, the Company Agreement of Continuum Health Services, L.L.C. (a Delaware Limited Liability Company) (Agreement), pursuant to which Cross became a managing member of CHS and received an ownership interest in CHS. There is no dispute that Cross signed the Agreement. In December 2010, appellants acquired Cross' membership in CHS for $0.00.[3] Cross sued appellants for quantum meruit, breach of contract, promissory estoppel, breach of fiduciary duty, conspiracy to breach fiduciary duties, and fraud. Appellants filed a general denial and subsequently moved to compel arbitration pursuant to the terms of the Agreement.

While the issue presented in this appeal is whether appellants can compel Cross to arbitrate her claims, we do not reach that question. A threshold matter we first consider is *who* has the primary power to decide whether appellants can compel Cross to arbitrate her claims: a court or an arbitrator. *See Roe v. Ladymon*, 318 S.W.3d 502, 511 (Tex. App.—Dallas 2010, no pet.).

As a general rule, whether the parties agreed to arbitrate is an issue decided by the courts rather than an arbitrator. *See Saxa Inc. v. DFD Architecture, Inc.*, 312 S.W.3d 224, 229 (Tex. App.—Dallas 2010, pet. denied). However, the parties may agree to submit the substantive issue of arbitrability to arbitration. *See id.* (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). Courts do not assume the parties "agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *Roe*, 318 S.W.3d at 513 (quoting *First Options of*

---

[3] We offer no opinion regarding the merits of Cross' claims against appellants, including whether appellants breached the Agreement by acquiring Cross' interest in CHS in December 2010.

*Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). A "court must examine the arbitration agreement to decide if, when construed under the relevant state law, the agreement evidences a clear and unmistakable intention that the arbitrators will have the authority to determine the scope of arbitration." *See Saxa*, 312 S.W.3d at 229 (citing *ODL Servs. Inc. v. ConocoPhillips Co.*, 264 S.W.3d 399, 413 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).[4]

Relevant to this appeal, Section 18.4(c)(1) of the Agreement states:

> Arbitration proceedings to resolve Disputes will be conducted under the auspices and the commercial arbitration rules of the AAA pursuant to the Federal Arbitration Rules of the AAA at Dallas, Dallas County, Texas. Whether such Dispute will be subject to arbitration will likewise be determined in such arbitration as will the determination as to whether all procedural conditions precedent to arbitration have been satisfied.

This contract provision is clear and unmistakable evidence of the parties' intent to delegate arbitrability to the arbitrator. *See Saxa, Inc.*, 312 S.W.3d at 230; *Roe*, 318 S.W.3d at 514 (court considers whether parties to dispute agreed to arbitrate issue of arbitrability). The trial court erred by denying appellants' motion to compel arbitration.

We reverse the trial court's order and remand the case to the trial court for further proceedings consistent with this opinion. Specifically, we direct the trial court to order the parties to take their dispute—including their dispute as to arbitrability—to arbitration and thereafter abate the case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(c) (West 2008).

---

[4] The Agreement provides: "Any and all legal proceedings to enforce this Article XVIII (including any action to compel arbitration hereunder . . .) will be governed by the laws of the State of Delaware." Neither party has argued Delaware law should be applied or that Delaware law differs substantially from that of Texas. Thus, we presume the law of Delaware is identical to Texas law. *See Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 720 (Tex. App.—Dallas 2004, no pet.); TEX. R. EVID. 202.

We express no opinion about whether Cross' claims must be arbitrated; that issue shall be resolved by the arbitrator.

JIM MOSELEY
JUSTICE

111520F.P05

-4-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CONTINUUM HEALTH SERVICES, LLC,
DR. DAN BARTEL, PATRICK LEE, AND
MARK BYARS, Appellants

No. 05-11-01520-CV     V.

SHEILA CROSS, Appellee

Appeal from the 192nd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. DC-11-04055-K).
Opinion delivered by Justice Moseley,
Justices Morris and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for new trial. It is **ORDERED** that appellants Continuum Health Services, LLC, Dr. Dan Bartel, Patrick Lee, and Mark Byars recover their costs of this appeal from appellee Sheila Cross.

Judgment entered November 19, 2012.

_____
JIM MOSELEY
JUSTICE